IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,            )
                                     )
v.                                   )        Criminal Action No. 3:22-cr-117–HEH
                                     )
CHRISTOPHER ROBIN BATES,             )
                                     )
        Petitioner.                  )

## MEMORANDUM OPINION
### (Denying Defendant's 28 U.S.C § 2255 Motion)

THIS MATTER comes before the Court on Defendant Christopher Robin Bates'

28 U.S.C. § 2255 motion ("Motion," ECF No. 39). Defendant is a federal inmate

proceeding *pro se*. In his Motion, he asserts that he failed to receive effective assistance

of counsel. Specifically, Defendant contends:

Claim One (1)       Counsel failed to object to the sentencing enhancement for
                    maintaining a premises for the purpose of manufacturing or
                    distributing a controlled substance. (Mot. at 1.)

Claim Two (2)       Counsel failed to "make a good faith argument in the
                    constructive possession or dominion of the weapon found
                    during a search of 3014 2nd Avenue, Richmond, on August
                    12, [20]21." (*Id.*)

Claim Three (3)     Counsel failed to object to the government "entering into the
                    record, random anonymous calls from 2019 to Crime
                    Stoppers . . . ." (*Id.*)

Claim Four (4)      Counsel failed to "challenge the fact that the court [sic] says
                    'he had at least partial ownership of those drugs' by making
                    any kind of inquiry into who the other partial owner was.
                    Without clear constructive possession or dominion of the
                    firearm from any party neither 'partial owner' can take sole
                    possession or responsibility." (*Id.*)

Claim Five (5)    "[Defendant] received ineffective assistance of counsel as it pertain[ed] to [his] appellate rights." (*Id.* at 5.)

The Government has responded in opposition to Defendant's Motion. (ECF No. 44.) Defendant has filed a Reply. (ECF No. 48.) For the reasons set forth below, the Court will dismiss Defendant's Motion.

## I. Factual and Procedural History

A grand jury indicted Defendant on five counts of fentanyl and cocaine hydrochloride trafficking. ("Indictment," ECF No. 1.) Defendant agreed to plead guilty to Counts One (1) and Four (4) of the Indictment. (Plea Agreement ¶ 1, ECF No. 16.) Count One (1) charged that Defendant distributed forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl. (Indictment at 1.) Count Four (4) charged that Defendant possessed with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl. (*Id.* at 2.)

In conjunction with his plea agreement, Defendant signed a Statement of Facts in which he acknowledged committing the offenses described in Counts One (1) and Four (4). ("SOF" at 1, ECF No. 17.) He also admitted that the facts therein are "true and accurate." (*Id.* at 5.) He further agreed that the Government could have proven them "beyond a reasonable doubt" had the matter proceeded to trial. (*Id.* at 1.)

A probation officer prepared a Presentence Investigation Report. ("PSR," ECF No. 20.) Based on the drug quantities stipulated by the parties,[1] the PSR assigned

---

[1] The parties agreed to the following drug quantities: 1,503 grams of fentanyl, 313 grams of Cocaine Base, and 1,920 grams of cocaine hydrochloride. (SOF at 1–3.)

Defendant a Base Offense Level of 32. (*Id.* ¶ 21.) The PSR also provided for a two-level enhancement pursuant to United States Sentencing Guideline ("USSG") § 2D1.1(b)(1) for possession of a dangerous weapon (firearm).[2] (PSR ¶ 22.) Further, pursuant to USSG § 2D1.1(b)(12), the PSR assigned Defendant a two-level enhancement for maintaining a premises for the purposes of manufacturing or distributing a controlled substance. (PSR ¶ 23.) Defendant received a 3-level reduction for the timely acceptance of responsibility, bringing the Total Offense Level to 33. (*Id.* ¶¶ 29–31.) Defendant had a Criminal History Category of II, resulting in an advisory guidelines range of 151 to 188 months. (*Id.* ¶ 86.)

Defendant, through counsel, objected to the enhancement for possession of a firearm. (Def.'s Sentencing Mem. at 1–2, ECF No. 22.) The Court overruled Defendant's objection and sentenced him to 168 months of imprisonment. (Sentencing Minutes at 1–2, ECF No. 25.)

---

[2] In support of this enhancement, the PSR states:

> [I]n addition to large amounts of cocaine, cocaine base and fentanyl, two firearms and ammunition were also recovered. Most of the drugs seized were located in a safe that was bolted to the floor and was located in the main living room. The firearms were recovered from the master bedroom, which connected to the main living room. One firearm, a 9 mm Taurus Millenium G2 semi-automatic pistol, was affixed with a loaded magazine containing 14 rounds of ammunition. The other firearm, a .40 caliber Taurus PT940 semi-automatic pistol, had a cambered round of ammunition and was affixed with a magazine containing 8 additional rounds.

(PSR ¶ 12.)

## II. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show (1) that counsel's representation was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Sentencing

In Claim One (1), Defendant faults counsel for failing to object to the sentencing enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Under that provision, "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance" a two-level increase applies. U.S.S.G. § 2D1.1(b)(12). This enhancement "includ[es] storage of a controlled substance for the purpose of distribution." USSG § 2D1.1(b)(12), cmt. n.17.

4

This is sometimes referred to as the "stash house enhancement." *United States v. Carter*, 834 F.3d 259, 262 (3d Cir. 2016).

Counsel wisely eschewed the frivolous objection Defendant urges here. While Defendant contends that the stash house enhancement should not apply because the residence was the primary home of an individual named C.W. who began renting the home while Defendant was still in prison, (Def.'s Mot. to Vacate at 3, ECF No. 39), these circumstances do not preclude application of the enhancement.[3] Defendant acknowledged in his Statement of Facts that, during the investigation, law enforcement saw him going into and coming out of the residence in question. (SOF ¶ 7.) When law enforcement searched that location on August 12, 2021, they found a safe bolted to the floor of the main living room. (PSR ¶ 12.) Defendant possessed a key for the safe and acknowledged that he was the owner of the large amounts of narcotics recovered from the safe. (SOF ¶ 7.) Finally, Defendant acknowledged that he maintained "stash houses." (*Id.*) Given these circumstances, Defendant fails to demonstrate deficiency or prejudice. Accordingly, the Court dismisses Defendant's first claim.

In Claim Two (2), Defendant complains that counsel failed to "make a good faith argument in the constructive possession or dominion of the weapon found during a search

---

[3] *See United States v. Jones*, 778 F.3d 375, 385 (1st Cir. 2015) (citation omitted) (observing that "it would defy reason for a drug dealer to be able to evade application of the enhancement by the simple expedient of maintaining his stash house under someone else's name"); *see also Carter*, 834 F.3d at 262–63 (rejecting the defendant's argument that "he lacked the possessory interest necessary to have 'maintained' the properties because he was not the owner or renter" and noting that "the absence of his name on a deed or lease is insufficient to preclude the enhancement's application").

of 3014 2nd Avenue, Richmond, on August 12, [20]21." (Mot., at 1.)  He appears to

criticize counsel for not making a better objection to the firearm enhancement.

Defendant asserts:

> [He] has acknowledged at least partial ownership of that safe, but this is as
> far as that argument goes.  There is no evidence entered into the record as to
> who the other partial owner is.  This is important in that C.W. was found with
> a gun in his direct dominion, possession, and control to protect his own
> interests, home, and family.

(Mot., at 5.)  Counsel's objection included attributing the gun to C.W. and other, more

detailed reasons why the enhancement should not apply.  (Def.'s Sentencing Mem. at 2;

Tr. of Sentencing Hr'g at 5–8.)  Additionally, in Claim Four (4), Defendant faults counsel

for failing to suggest that maybe someone else owned the drugs found in the safe, and

maybe that unidentified individual possessed the firearm.

　　　Neither of the objections Defendant urges here is better than the ultimately

unavailing objection counsel made to the firearm enhancement.  Defendant fails to

demonstrate that counsel performed deficiently or that he was prejudiced.  Therefore, the

Court dismisses Claims Two (2) and Four (4).

　　　In Claim Three (3), Defendant asserts that counsel should have objected to the

Government "entering into the record, random anonymous calls from 2019 to Crime

Stoppers." (Mot., at 1.)  The Court admitted into the record no calls from Crime

Stoppers.  However, the PSR does state: "Discovery records reflect the investigation into

the defendant's drug trafficking activity began in January 2019, after multiple crime

stopper tips were received.  Thereafter, periodic surveillance of the defendant was

conducted.  However, as reflected in the Statement of Facts, the overt investigation did

not commence until May 2021." (PSR ¶ 11.)  Defendant fails to articulate a viable

objection to the references made to the Crime Stoppers calls during sentencing.

Accordingly, the Court dismisses Claim Three (3) because Defendant fails to demonstrate

deficiency or prejudice.

### B. Alleged Ineffective Assistance with Respect to Appellate Rights

In Claim Five (5), Defendant contends that he

> received ineffective assistance of counsel as it pertains to his appellate rights.
> Indeed, he forfeited any right to direct appeal and collateral attack within the
> confines of his plea agreement.  [Defendant] should have been told by [trial
> counsel] and ensuing counsel that the best vehicle to any attack in his case is
> this 2255 motion. However, [Defendant] was referred to another attorney to
> do a direct appeal, which, of course, based on his colloquy and waiver of
> appeal rights, was dismissed.  This represents the loss of valuable time and
> the misdirection [Defendant] continually received from counsel.

(Mot., at 5.)  Considering the strong presumption of verity that attaches to a petitioner's

declarations during his plea proceedings, "in the absence of extraordinary circumstances,

allegations in a § 2255 motion that directly contradict the petitioner's sworn statements

made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and

'patently frivolous or false.'"  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir.

2005) (citations omitted).  No extraordinary circumstances exist that would cause the

Court to doubt the veracity of Defendant's prior sworn statements.  This claim is entirely

frivolous.

In his Plea Agreement, Defendant acknowledged that he was waiving his right to

appeal. (Plea Agreement ¶ 6.)  Defendant also asserted that he understood this waiver.

(*Id.* at 12.)  During his Rule 11 proceedings, Defendant assured the Court that he knew he

was waiving his right to appeal. (Tr. of Plea Hr'g at 21–22.) Defendant fails to direct the Court to any deficient advice from counsel.

Further, Defendant fails to demonstrate how he was prejudiced. In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Defendant does not suggest that had he received more accurate advice from counsel, he would have pleaded not guilty and insisted on going to trial. Therefore, the Court dismisses Claim Five (5) because Defendant fails to demonstrate deficiency or prejudice.

### III.  Conclusion

The Court dismisses Defendant's claims and the action. The Court denies the § 2255 Motion. The Court will deny a certificate of appealability.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Oct. 6, 2025
Richmond, Virginia

8